IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY, LLC, | : | No. 3:19-cv-01951-MPS |
|     *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK L. CARROLL III, ET AL., | : | |
|     *Defendants.* | : | FEBRUARY 7, 2020 |

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Defendants hereby submit their Answer to Plaintiff's Complaint.

1. Defendants admit that Connecticut Public Act No. 19-187 (the "Act") was enacted in July 2019, repealing and replacing Conn. Gen. Stat. §46b-127. Defendant admits that § 46b-127 provides that a case of a juvenile who is at least fifteen years of age and charged with certain felonies, may be subject to discretionary, and in some cases mandatory, transfer of the matter from the juvenile docket to the regular criminal docket. Defendants admit that as a result of the Act, § 46b-127 now requires that when a juvenile's case is transferred and remains on the regular criminal docket court proceedings shall be conducted in private and the records of such proceedings shall be confidential in the same manner as records of cases of juvenile matters are confidential in accordance with the provisions of § 46b-124. Defendants admit that if there is a guilty verdict or guilty plea then records previously designated confidential pursuant to § 46b-127(c)(1) become public. Defendants admit that Plaintiff seeks the declaration described in this

paragraph. The remainder of Paragraph 1 is denied.

## JURISDICTION AND VENUE

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

## PARTIES

4. Defendants admit that Plaintiff is the publisher of the *Hartford Courant*, but lack knowledge or information sufficient to form a belief about the truth of the remainder Paragraph 4.

5. Paragraph 5 is admitted.

6. Defendants deny that Defendant Ralph Dagostine is either a Chief Clerk of a Judicial District court or a Deputy Chief Clerk of a Geographical Area court within the Connecticut Superior Court. Defendants admit that, except for Defendant Carroll and Defendant Dagostine, the Defendants are Chief Clerks of a Judicial District or Deputy Chief Clerks of a Geographic Area court within the Connecticut Superior Court. Defendants admit that pursuant to Conn. Gen. Stat. § 51-52(a), the general duties of a clerk include to "make records of all proceedings required to be recorded," to "have the custody of active files and records of the court," and to "make and keep dockets of causes in their court locations."

## FACTS

7. Defendants admit that the Act became law on July 9, 2019 and that it repealed and replaced Conn. Gen. Stat. § 46b-127, which governs the transfer

of matters involving certain criminal charges against persons who were between the ages of fifteen and eighteen at the time of the alleged offense from the juvenile docket to the regular criminal docket.

8. Defendants admit that some juvenile defendants whose cases have been transferred to the regular criminal docket pursuant to § 46b-127 are subject to the full range of penalties and the procedures applicable to an adult on the regular criminal docket, but deny that all juvenile defendants whose cases have been transferred from the juvenile docket pursuant to § 46b-127 are subject to those penalties and procedures.

9. Paragraph 9 is admitted.

10. Defendants deny that the sole exception to the confidentiality provision of Conn. Gen. Stat. § 46b-127(c)(1)(A) is disclosure to the victim pursuant to § 46b-127(c)(1)(B). Defendants admit the remainder of Paragraph 10.

11. Paragraph 11 is admitted.

12. Defendants admit that, absent a court order, juvenile records for matters transferred pursuant to Conn. Gen. Stat. § 46b-127 are not contemporaneously available. The remainder of Paragraph 12 is denied.

13. Paragraph 13 is admitted.

14. Defendants admit that since October 1, 2019, records of all existing matters previously transferred to the regular criminal docket pursuant to Conn. Gen. Stat. § 46b-127 and pending as of October 1, 2019, and any matters transferred after that date pursuant to § 46b-127, are confidential pursuant

to § 46b-127(c)(1)(A), the docket information for such matters is not publicly available, and court proceedings in such matters are private.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 15 and leave Plaintiff to its proof.

16. Defendants admit that, as stated in a decision of the Connecticut Supreme Court, *Skakel v. Commissioner*, 329 Conn. 1 (2018), which is not subject to the confidentiality provisions of Conn. Gen. Stat. § 46b-127, a jury found Michael Skakel guilty of the 1975 murder of Martha Moxley, but deny the conviction occurred in 2000.  Defendants admit that Mr. Skakel was fifteen years old at the time of Ms. Moxley's death and that he is a relative of the Kennedy family.  Defendants admit that in 2018 a decision of the Connecticut Supreme Court resulted in the reversal of Mr. Skakel's conviction. Defendants lack knowledge or information sufficient to form a belief about whether the state is contemplating re-trying Mr. Skakel.  Pursuant to Conn. Gen. Stat. § 46b-127(c)(1)(A), Defendants are unable to answer whether a criminal case involving Mr. Skakel is pending or was designated confidential. Defendants lack knowledge or information sufficient to form a belief whether Plaintiff has attempted to access court records or docket information related to Mr. Skakel or whether it was able to obtain access.  Defendants admit that if an individual who was fifteen years old at the time of the charged offense were tried on the regular criminal docket, then Plaintiff and other members of the press and public would be unable to attend any criminal proceedings in

the trial court for that matter. Defendants deny the remainder of the allegations in Paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief whether the Act will prevent Plaintiff from reporting on other matters of significant public interest that continue to occur throughout the State. Defendants deny that if the Act applies then Plaintiff will be unable to provide information to the public about the prosecution of a 16-year-old defendant charged with first-degree manslaughter in connection with the hit-and-run death of a 71-year-old woman during an alleged shoot-out in Hartford in October 2019. Defendants admit that the *Hartford Courant* published articles reporting on the incident, but lack knowledge or information sufficient to form a belief whether the incident, or Plaintiff's reporting thereof, has garnered significant public attention. Pursuant to Conn. Gen. Stat. § 46b-127(c)(1)(A), Defendants are unable to answer whether a criminal matter arising from the above incident is pending against a defendant who was a juvenile at the time of the incident. Defendants admit that if a 16-year-old were charged with first-degree manslaughter and his matter transferred to the regular criminal docket pursuant to § 46b-127, then docket information and records of court proceedings would be confidential in the same manner as records of cases of juvenile matters are confidential in accordance with the provisions of § 46b-124. Defendants admit that all hearings and other proceedings in such a case would be closed to the public and the press. Defendants deny the remainder

of Paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief whether the Act precludes Plaintiff from informing the public about other highly publicized prosecutions throughout Connecticut. Pursuant to Conn. Gen. Stat. § 46b-127(c)(1)(A), Defendants are unable to answer whether Alexander Bolanos was charged with conspiracy to commit murder. Defendants admit that the *Hartford Courant* published articles reporting on the arrest and arraignment of Mr. Bolanos and others for charges stemming from a December 2018 drive-by shooting of a twelve-year-old in Bridgeport, Connecticut.

19. Pursuant to Conn. Gen. Stat. § 46b-127(c)(1)(A), Defendants are unable to answer whether a matter is pending against Mr. Bolanos and the status of records of that specific case. Defendants lack knowledge or information sufficient to form a belief whether Plaintiff has attempted to access records relating to Mr. Bolanos or has been able to obtain access. Defendants admit that if a juvenile's case had been transferred pursuant to § 46b-127 and remained pending on the regular criminal docket, then Plaintiff would be prohibited from attending any future trial court proceedings in the case.

20. Defendants admit that if an individual subject to the provisions of § 46b-127 is found guilty the court records associated with the case cease to be confidential, but that the press and public would have been denied contemporaneous access to the trial court proceedings in the case and, absent

a court order, would have been denied contemporaneous access to the court records. Defendants deny the remainder of the allegations in Paragraph 20.

21. Paragraph 21 sets forth a legal statement to which no response is required.

22. Paragraph 22 sets forth a legal statement to which no response is required.

23. Paragraph 23 sets forth a legal statement to which no response is required.

24. Paragraph 24 sets forth a legal statement to which no response is required.

25. Paragraph 25 sets forth a legal statement to which no response is required.

26. Paragraph 26 sets forth a legal statement to which no response is required.

27. Defendants admit that when a juvenile's case has been transferred from the juvenile docket and is prosecuted on the regular criminal docket, then - except for the privacy and confidentiality provisions of Conn. Gen. Stat. § 46b-127(c)(1) - the juvenile is tried and punished in the same manner as an adult would be tried and punished, but the sentencing court is instructed to consider the defendant's age at the time of the offense, the hallmark features of adolescence, and any scientific and psychological evidence showing the differences between a child's brain development and an adult's brain development, but deny that all juveniles whose cases have been transferred pursuant to § 46b-127 face the same procedures and punishments as an adult. The remainder of Paragraph 27 sets forth a legal statement to which no response is required.

28. Defendants admit that there are distinctions between juvenile delinquency proceedings and regular criminal proceedings but lack information or

knowledge sufficient to form a belief regarding whether those distinctions are "fundamental" as understood by Plaintiff.  Defendants admit that, pursuant to Conn. Gen. Stat. § 46b-121h, the Connecticut Legislature's intent for the juvenile justice system is that it "provide individualized supervision, care, accountability and treatment in a manner consistent with public safety to those juveniles who violate the law" and "promote prevention efforts through the support of programs and services designed to prevent re-offending." Defendants admit that minors who participate in juvenile delinquency proceedings are not subject to criminal convictions or criminal penalties, but are adjudged delinquent and, pursuant to Conn. Gen. Stat. § 46b-140(b), once they have been adjudged delinquent the court may "(1)(A) discharge the child from the court's jurisdiction with or without a warning; (B) place the child on probation supervision for a period not to exceed eighteen months, which may be extended in accordance with section 46b-140a by not more than twelve months, for a total supervision period not to exceed thirty months; or (C) place the child on probation supervision with residential placement, for a period not to exceed eighteen months, which may be extended in accordance with section 46b-140a by not more than twelve months, for a total supervision not to exceed thirty months."  The remainder of Paragraph 28 sets forth a legal statement to which no response is required.

29. Paragraph 29 sets forth a legal statement to which no response is required.
30. Defendants admit that juvenile defendants whose cases have been

transferred pursuant to Conn. Gen. Stat. § 46b-127 and whose cases are tried on the regular criminal docket are tried in the same manner as adults and face the possibility of a criminal conviction and the same range of criminal penalties as adults, including the possibility of imprisonment in an adult correctional facility, but deny that all juvenile defendants whose cases have been transferred pursuant to § 46b-127 are tried in the same manner and face the same consequences as adults.

31. Defendants lack knowledge or information sufficient to form a belief about the reasons that other states have enacted statutes. The remainder of paragraph 31 sets forth a legal statement to which no response is required.

32. Paragraph 32 sets forth a legal statement to which no response is required.

33. Defendants admit that the Act does not afford any discretion to a trial court to determine if court proceedings in a matter transferred pursuant to Conn. Gen. Stat. § 46b-127 should be conducted in private, but deny that the Act does not afford any discretion to the trial court concerning whether court records should remain confidential. Defendants admit that the Act requires that all court proceedings for matters transferred from the juvenile docket pursuant to § 46b-127 shall be private. The remainder of Paragraph 33 is denied.

34. Paragraph 34 sets forth a legal statement to which no response is required.

35. Defendants admit that, pursuant to the Act, the trial court may not grant any exceptions to the requirement that proceedings in matters transferred from

the juvenile docket to the regular criminal docket shall be private. Defendants deny that there is an absolute prohibition on granting access to records in those matters. The remainder of Paragraph 35 sets forth a legal statement to which no response is required.

36. Paragraph 36 sets forth a legal statement to which no response is required.
37. Paragraph 37 sets forth a legal statement to which no response is required.
38. Paragraph 38 sets forth a legal statement to which no response is required.
39. Paragraph 39 is denied.

## COUNT I [Declaratory Relief – First Amendment to the United States Constitution]

40. Defendants incorporate by reference their answers to Paragraphs 1-39 above.
41. Paragraph 41 sets forth a legal statement to which no response is required.
42. Paragraph 42 sets forth a legal statement to which no response is required.
43. Defendants admit that Plaintiff seeks the declaration described in this paragraph, but deny that Plaintiff is entitled to such a declaration and deny the substance of the declaration.
44. Paragraph 44 is denied.
45. Paragraph 45 is denied.

## COUNT II [Declaratory Relief – article first, sections 4 and 5 of the Connecticut Constitution]

46. Defendants incorporate by reference their answers to Paragraphs 1-39 above.
47. Defendants admit that Plaintiff seeks the declaration described in this

paragraph, but deny that Plaintiff is entitled to the declaration sought and deny the substance of the declaration.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

### COUNT III [Preliminary Injunctive Relief]

50. Defendants incorporate by reference their answers to Paragraphs 1-39 above.

51. Defendants admit that matters transferred to the regular criminal docket pursuant to Conn. Gen. Stat. § 46b-127 that were pending on October 1, 2019, and all matters transferred pursuant to § 46b-127 after that date, have been designated confidential pursuant to § 46b-127(c)(1).

52. Defendants admit that the Chief Court Administrator has taken steps to keep court proceedings private and keep records confidential pursuant to Conn. Gen. Stat. § 46b-127(c)(1).

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

### COUNT IV [Permanent Injunctive Relief]

56. Defendants incorporate by reference their answers to Paragraphs 1-39.

57. Defendants admit that as long as Conn. Gen. Stat. § 46b-127(c) remains in effect, they will continue to keep records, including docket sheets, confidential for matters transferred from the juvenile docket pursuant to § 46b-127.

58. Defendants admit as long as Conn. Gen. Stat. § 46b-127(c) remains in effect,

the Chief Court Administrator will continue to take steps to keep court proceedings private and keep records confidential for matters transferred from the juvenile docket pursuant to § 46b-127.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

## **DEMAND FOR RELIEF**

Defendants deny that the provisions of Conn. Gen. Stat. § 46b-127(c) are unconstitutional, thus Plaintiff is not entitled to any of the relief requested in the prayer for relief.

       DEFENDANTS,

       PATRICK L. CARROLL III, ET AL.

       WILLIAM TONG
       ATTORNEY GENERAL

BY: */s/ Alma R. Nunley*
     Alma R. Nunley (ct30610)
     Michael K. Skold (ct28407)
     Assistant Attorneys General
     Office of the Attorney General
     165 Capitol Ave
     Hartford, CT 06106
     860-808-5020 (phone)
     860-808-5347 (fax)
     Alma.Nunley@ct.gov
     Michael.Skold@ct.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed on February 7, 2020. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Alma R. Nunley*
Alma R. Nunley
Assistant Attorney General
