IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY, LLC | : | No. 3:19-cv-01951-MPS |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK L. CARROLL III, ET AL. | : | |
| *Defendants.* | : | JUNE 15, 2020 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION BY FLOYD ABRAMS INSTUTITE FOR FREEDOM OF EXPRESSION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

This Court should deny the Floyd Abrams Institute for Freedom of Expression's ("the Institute") Motion for Leave to File an Amicus Curiae Brief in Support of Plaintiff's Motion for a Preliminary Injunction ("Motion for Leave") (Doc. 38) because it is untimely, wholly duplicative of Plaintiff's filings, and does not offer any insights that Plaintiff has not already provided.

**ARGUMENT**

**I.   Standard for Granting of Denying a Motion for Leave to File an Amicus Curiae Brief**

"The customary role of an *amicus* is 'to aid the court and offer insights not available from the parties." *Schahticoke Tribal Nation v. Norton*, No. 3:06cv81(PCD), 2007 WL 9719292, *1 (D. Conn. Aug. 2, 2007) (quoting *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994)). Although Rule 29 of the Federal Rules of Appellate Procedure governs the procedures for leave to participate as amicus curiae in the United States Court of Appeals, there is no similar rule governing these procedures in United States District Court. *District*

1

*Lodge 26 of the Intern. Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Technologies Corp.*, No. 3:09-cv-1494(JCH), 2009 WL 3571624, *1 (D. Conn. Oct. 23, 2009). Instead, it is left to the discretion of the court to grant or deny permission to participate as *amicus curiae* in a given case. *Schahticoke Tribal Nation v. Norton*, at *1 (citing *United States v. Ahmed*, 788. F. Supp. 196, 198 n.1 (S.D.N.Y. 1992)). "In exercising this discretion, courts have considered a variety of factors, including the interest of the movant, the opposition of the parties, the adequacy of the representation, and timeliness." *District Lodge 26 of the Intern. Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Technologies Corp.*, at *1 (citing *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285 (Fed. Cl. 1996).

## II. The Institute's Motion is Untimely

This Court should deny the Institute's Motion for Leave because it is untimely. The Institute does not attempt to explain why it should be permitted to file its brief in support of Plaintiff long after Defendants' own opposition was due and timely filed with the Court, thereby preventing Defendants from addressing any argument made by the Institute in its brief.

Plaintiff filed this case with the Court on December 11, 2019. Plaintiff filed its Motion for Preliminary Injunction (Doc. 26) on March 26, 2020. By agreement of the parties, and approved by the Court, the deadline for Defendants to file an opposition brief was May 11, 2020, and for Plaintiff to file a reply brief was June 5, 2020. Defendants timely filed their Opposition Brief (Doc. 33) on May 11, 2020, and Plaintiff timely filed its Reply (Doc. 36) on June 5, 2020.

On June 9, 2020, one month after Defendants submitted their only brief on

this motion and four days after briefing by all parties was complete, the Institute contacted counsel for Defendants by email seeking Defendants' position on their proposed motion for leave to file an *amicus curiae* brief.  Counsel for Defendants responded on the same day stating that Defendants' objected since briefing for the motion for preliminary injunction was already complete.  In the same email, counsel for Defendants requested that if the Institute nonetheless filed its motion, it represent to this Court that Defendants requested two weeks within which to file any reply to the proposed *amicus* brief.  On June 12, 2020, the Institute filed its motion for leave to file an *amicus curiae* brief in which it simply stated that "defendant Carroll objects," but chose not to mention Defendants' request for time in which to file a reply if the Court permits the Institute's brief.  Motion for Leave, p.2.

This Court should exercise its discretion to deny the Institute's Motion for Leave because briefing for Plaintiff's Motion for Preliminary Injunction is complete, and its motion is therefore untimely.  By waiting until a week after briefing was completed to file its motion, the Institute has prevented Defendants from having the opportunity to address in their brief in opposition to the Motion for Preliminary Injunction any arguments made by the Institute that were not also made by Plaintiff in its initial brief.  Although this Court is not bound by Rule 29 of the Federal Rules of Appellate Procedure, the provision of Rule 29 governing the time to file an *amicus curiae* brief is instructive.  Under Rule 29, an *amicus curiae* must file its brief "no later than 7 days after the principle brief of the party being supported

is filed" and if the court grants leave for filing an untimely brief, the court must "specif[y] the time within which an opposing party may answer."  Here, the Institute filed its proposed amicus curiae brief 78 days after Plaintiff filed its Motion for Preliminary Injunction.  Indeed, the Institute waited until 7 days after Plaintiff's Reply to file its Motion for Leave.  In the complete absence of any justification for such a delay, this Court should deny the Institute's Motion for Leave.

### III. The Institute's Motion is Duplicative and Does Not Offer Any New Insights Beyond Those Already Provided by Plaintiff

This Court should deny the Institute's Motion for Leave for the additional reason that it fails to afford this Court any "insights not available from the parties." *Schahticoke Tribal Nation v. Norton*, 2007 WL 9719292, at *1.  Rather than provide any new insights for this Court, the Institute simply summarizes the portion of Plaintiff's argument made in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction (No. 26-1) ("Plaintiff's MIS") at pages 5-13,[1] which argue that the public, including the press, have a presumptive right of access to criminal court proceedings.  Compare Brief of Amicus Curiae Floyd Abrams Institute for Freedom of Expression in Support of Plaintiff's Motion for Preliminary Injunction ("Proposed Amicus Brief") with Plaintiff's MIS at 5-13.  This analysis is entirely unhelpful to the Court in deciding whether to grant Plaintiff's Motion for Preliminary Injunction because "Defendants do not dispute that the

---

[1] The Institute cites a single case not also cited by Plaintiff, *Waller v. Georgia*, 467 U.S. 39 (1984), noting that, as found in a case cited by Plaintiff, the Second Circuit had adopted the test established by *Waller*.  Proposed Amicus Brief at 5.

First Amendment affords the public, including the press, a qualified right to access to criminal trials brought against adults." Defendants' Opposition Brief at p. 11-12. Rather, Defendants assert that there is no presumptive right of access to juvenile proceedings even when a juvenile's case has been transferred to the criminal docket. See *id.* at 12. The Institute entirely fails to acknowledge, much less address this argument.

The remainder of the Institute's Argument focuses on the nexus between the challenged statute and juvenile defendants' privacy interests. Proposed Amicus Brief pp. 10-13. Again, nothing in the Institute's argument constitutes "insights not available from the parties." Indeed, Plaintiff addresses the nexus between the purpose of the act and the scope of the confidentiality provisions in its Reply at pages 8-12. Therefore, if this Court denies the Institute's motion, it will not be deprived in any way of legal arguments that might assist the Court in deciding the pending Motion for Preliminary Injunction.

For these reasons, this Court should deny the Institute's Motion for Leave.

Respectfully submitted,

DEFENDANTS
PATRICK L. CARROLL III, ET AL.

5

WILLIAM TONG
ATTORNEY GENERAL


BY: */s/ Alma Rose Nunley*
    Alma Rose Nunley (ct30610)
    Michael Skold (ct28407)
    Assistant Attorneys General
    Attorney General's Office
    165 Capital Avenue
    Hartford, CT 06106
    860-808-5020 (phone)
    860-808-5347 (fax)
    Alma.Nunley@ct.gov
    Michael.Skold@ct.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2020, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Alma Rose Nunley*
Alma Rose Nunley
Assistant Attorney General