UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD COURANT COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK L. CARROLL III, in his Official Capacity as Chief Court Administrator of the Connecticut Superior Court; and<br><br>ANN-MARGARET ARCHER; KAREN A. BERRIS; ROBERT BURKE; ANTONIO D'ADDEO; RALPH DAGOSTINE; CYNTHIA DEGOURSEY; JILL DRISCOLL; CAROLINE FARGEORGE; TAMMY FLUET; DAVID S. GAGE; ERIC R. GROODY; LISA C. GROODY; RICHARD L. HAAS, JR.; KERRI HALL; WILLIAM M. HOEY; JUDITH LEE; LAURA A. LEIGH; DEBORA KASZUBA NEARY; CARA PARKINSON; BRANDON PELEGANO; GINA PICKETT; JAMES QUINN; JENNIFER ROBINSON; MARK SHEA; ROY SMITH, JR.; GIOVANNI SPENNATO; GEOFFREY STOWELL; HARALABOS VALASSIS; JULIE VANAM; ROBERT A. WILOCK, II; BRANDI YANAVICH; and MARCI YOUNG, in their respective Official Capacities as Chief Clerks and Deputy Chief Clerks in the Judicial District and Geographical Area courts of the Connecticut Superior Court,<br><br>Defendants. | Civil Action No. 3:19-cv-01951-MPS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING APPEAL**

Plaintiff The Hartford Courant Company, LLC (the "Courant"), by and through counsel, respectfully submits this Opposition to Defendants' Motion to Stay Pending Appeal.

1

**Introduction**

On July 24, 2020, the Court entered an order granting the Courant's motion for a preliminary injunction in the above-captioned matter. ECF 46 (the "Order"). The Court held that the Courant had "shown a clear and substantial likelihood of success on the merits of its claim that [Conn. Gen. Stat.] § 46b-127(c) is not narrowly tailored to achieve a compelling state interest and therefore unconstitutionally infringes upon the First Amendment right of access to court records in criminal prosecutions"; that in the "absence of preliminary injunctive relief, it will suffer irreparable harm in the form of an ongoing First Amendment injury"; and that the "balance of equities and public interest favor a preliminary injunction[.]" Order at 33–36.

The Order immediately enjoined Defendants "from automatically sealing or permitting the automatic sealing of any newly filed judicial records, including docket sheets, in any case transferred from the juvenile docket to the regular criminal docket pursuant to Conn. Gen. Stat. § 46b-127 after the date of [the Order], unless a Superior Court judge in a particular case issues an order requiring the sealing of specific records[.]" Order at 37. No stay of that portion of the Court's Order concerning newly transferred matters was sought by Defendants or entered by the Court; that portion of the Order has been in effect since July 24, 2020.

As to cases that were transferred from the juvenile docket to the regular criminal docket *before* the date of the Order, Defendants were ordered "to unseal all judicial records, including docket sheets" in such cases. Order at 37. However, the Court stayed that portion of the Order for 30 days "to allow parties in individual Transferred Matters to file a motion to seal as to some or all of the court records if they wish to do so" or, in matters not automatically transferred pursuant to Conn. Gen. Stat. § 46b-127(a)(1), to file "a motion to transfer the case back to the juvenile docket" pursuant to Conn. Gen. Stat. § 46b-127(c)(2) or § 46b-127(g). Order at 37; *see*

*also id*. at 38 ("After the expiration of the period of 30 days from the date of [the Order], the records in these cases shall be unsealed, except as to specific records ordered sealed during that period by a Superior Court judge."). The 30-day stay ordered by the Court expired on August 23.

On August 18, more than three weeks after the Order was issued, and only three business days before expiration of the Court's 30-day stay of the unsealing portion of its Order, Defendants filed a notice of appeal, ECF 47, as well as a non-emergency Motion to Stay Pending Appeal, ECF 48 (the "Motion"). Defendants did not seek expedited resolution of their Motion, which—in addition to a stay of all further proceedings before the Court pending resolution of their appeal—also requests a stay of the Court's July 24 preliminary injunction Order.[1]

For the following reasons, Defendants' Motion should be denied in its entirety.[2]

## Argument

I.  **Defendants' Request to Stay the Court's July 24 Order is Untimely and Moot.**

While immediately enjoining Defendants from automatically sealing judicial records in matters newly transferred to the adult criminal docket pursuant to Conn. Gen. Stat. § 46b-127(a)(1), the Court stayed the portion of its July 24 preliminary injunction Order requiring the unsealing of judicial records, including docket sheets, in matters transferred prior to the date of the Court's Order for 30 days "so that parties in individual Transferred Matters may file a motion to seal as to some or all of the court records" or, if applicable, "a motion to transfer the case back to the juvenile docket . . . if they wish to do so." Order at 37–38. As Defendants' Motion acknowledges, the Court's 30-day stay has now expired. *See* Mot. at 3. Accordingly, "except as

---

[1] Because Defendants did not seek expedited resolution of their Motion, this opposition was not due to be filed by the Courant until September 8, 2020, more than two weeks from today.

[2] Earlier today, the Courant filed a letter with the Court seeking a status conference concerning Defendants' Motion at the Court's earliest convenience. *See* ECF 50.

3

to specific records ordered sealed during that [30-day] period by a Superior Court judge" all records in transferred matters on the regular, adult criminal docket should now be available to the Courant and to the public. Order at 37–38. As of the filing of this Opposition, the Courant has obtained from the Judicial Branch a list of "pending disclosable cases" transferred from the juvenile docket to the adult criminal docket, and has also been able to electronically access docket information in at least some matters that were transferred from the juvenile docket to the regular criminal docket before the date of the Order.

Defendants' Motion states that, as of August 18, Defendants had "taken the logistical steps necessary to comply with" the Order. Mot. at 3. To be clear, however, Defendants have been (or should have been) complying with the unstayed portions of the Order—specifically, making records of newly transferred matters, if any, available to the public—since July 24. And, as to the unsealing portion of the Order, it appears that following expiration of the 30-day stay on August 23, docket information for pending matters that were transferred from the juvenile docket to the regular criminal docket before the date of the Order were unsealed in accordance with the Order, rendering Defendants request to stay the Order moot.

Defendants do not explain why they waited more than three weeks after entry of the Court's Order to assert, for the first time, that the (now-expired) 30-day "window" provided by the Court with respect to previously transferred matters is "insufficient[,]" Mot. at 5, and to argue that the Order should be stayed in its entirety. For this reason alone, to the extent Defendants' untimely request for a stay of the Court's July 24 Order is not already moot, it should be denied.

II. **No Further Stay of Any Portion of the Court's Order is Warranted.**

Even if Defendants' request to stay the July 24 preliminary injunction Order were timely—which it is not—the Court should still deny it. In determining whether to issue a stay

4

pending appeal pursuant to Federal Rule of Civil Procedure 62(c), district courts "follow the test laid down by the Second Circuit," *Mitchell v. City of New Haven*, 854 F.Supp.2d 238, 255 (D. Conn. 2012), which considers the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 244 (2d Cir. 1991) (denying motion to stay pending appeal of a district court order denying continued sealing of a grand jury affidavit). The moving party bears the burden of proof as to each factor. *Hayes v. City Univ. of N.Y.*, 503 F. Supp. 946, 962 (2d Cir. 1980). Here, all four factors weigh heavily in favor of denying Defendants' stay request.

*First*, as the Court correctly held when it entered its Order, the Courant has demonstrated "a clear and substantial likelihood of success on the merits of its First Amendment claim." Order at 16. That conclusion was based on well-settled Supreme Court and Second Circuit precedent making clear the application of the public's constitutional right of access to judicial records and proceedings—a right that "depends on the nature of the proceeding, not on the personal characteristics of the litigants," Order at 19—in criminal cases transferred to Connecticut's regular criminal docket pursuant to Conn. Gen. Stat. § 46b-127. *See* Order at 18–23.

Contrary to Defendants' argument, this Court's holding that such criminal prosecutions are presumptively open to the public, and not subject to categorical sealing rules, is far from an issue of "first impression," Mot. at 5. *See, e.g., Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 605 (1982). And, though it may not be "*certain* that the Second Circuit will reach the same conclusion as the Court reached here," Mot. at 5 (emphasis added),

its own precedent compels it to. *See, e.g.*, *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004); *see also, e.g.*, *N.Y. Civil Liberties Union v. N.Y. Transit Auth.*, 684 F.3d 286, 299 (2d Cir. 2012). Simply put, Defendants do not—and cannot—make the requisite "strong showing" that they are likely to succeed on their appeal.

*Second*, as the Court's Order recognized, "each passing day that the confidentiality provisions of § 46b-127 remain in effect" and block the Courant's access to judicial records in transferred matters "infringes on its First Amendment rights." Order at 34; *see also Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). The Courant would thus, as a matter of law, be irreparably harmed by a further stay of any portion of the Order pending resolution of Defendants' appeal.[3]

Defendants claim that "the harm to the juvenile defendants absent a stay" should outweigh the harm the Courant will suffer from continued violation of its First Amendment right of access to judicial records. Mot. at 5. In doing so, Defendants ignore the fact that the Court, by staying unsealing for 30 days, already considered, and took a reasonable step to prevent, any such purported harm. And the fact that Defendants delayed until August 18 to challenge the

---

[3] Defendants claim that the Courant will not be irreparably harmed by any further "delay in access to the court records at issue" because the Courant's preliminary injunction motion did not also seek to enjoin Defendants from denying public access to in-court proceedings in transferred matters. Mot. at 6. This contention is frivolous. The Courant has an independent First Amendment right of access to the judicial records at issue here. And, especially now, at a time of limited-to-no in-court proceedings due to the ongoing COVID-19 pandemic, the Courant's ability to access judicial records, including dockets, is critically important to its ability to report on the criminal justice process. *See id.* (stating that the "Court's preliminary injunction order granted Plaintiff almost all the relief it seeks in this case"). In any event, as noted below, the Courant's motion for summary judgment and/or permanent injunction due to be filed with the Court on September 11, 2020 will address the remaining relief it seeks.

length of the Court's 30-day stay, which expired yesterday, as "insufficient[,]" Mot. at 5, belies Defendants' arguments as to the strength of such purported "harm."

To be clear, Defendants' Motion provides no factual support, whatsoever, for the argument that the 30-day stay of the unsealing portion of the Court's Order was "insufficient" or that any juvenile defendant will be harmed absent a further stay. Mot. at 5. Defendants do not, for example, provide the number of motions to seal or transfer filed by parties in previously transferred matters in the past 30 days; nor do Defendants state the number of such motions, if any, that were pending as of the filing of their Motion. Instead, Defendants merely theorize that "if a defendant moves to seal his record during those 30 days, it is far from clear whether the trial court will have time to act on all such motions before the records are required to be unsealed." Mot. at 5. Far from being "far from clear," *id.*, Defendants plainly have access to—and could have provided the Court with—that precise information. Defendants fall short of demonstrating irreparable injury absent a stay.

*Third*, public interest militates against Defendants' request to stay the Order. *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 488 (2d Cir. 2013) ("[S]ecuring First Amendment rights is in the public interest."); *see also Cooper v. U.S. Postal Service*, 246 F.R.D. 415 (D. Conn. 2007) ("The public interest here lies in the proper preservation and implementation of those rights and freedoms guaranteed by the First Amendment.")

### III. Defendants' Request to Stay Further Proceedings Pending Resolution of Their Appeal Should Be Denied.

In addition to their request to stay the July 24 Order pursuant to Federal Rule of Civil Procedure 62(c), Defendants also seek a stay of further proceedings in this Court pending resolution of their appeal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The proponent of a stay bears the burden of establishing its need[.]". *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Here, because Defendants have not established any need for a stay of proceedings, and because a stay will prejudice the Courant, Defendants' request should be denied.

Under the scheduling order currently in place, Plaintiff's motion for summary judgment and/or motion for permanent injunction is to be filed on or before September 11, 2020, and Defendants' opposition(s) and/or their own motion for summary judgment is to be filed on or before October 13, 2020. ECF 32. Absent a stay, those motions will be fully briefed on December 3, 2020. *Id*. As Defendants note, "it is anticipated" that the Court's resolution of those motions will be dispositive" of all issues in this case. Mot. at 7.

Defendants do not (and could not) cite any hardship from litigating the remaining issues in this case during the pendency of their appeal. As Defendants argue, the Court's "preliminary injunction order granted Plaintiff almost all the relief it seeks in this case" and "the Court based its decision, in large part, on its determination of the legal issue at the core of this case . . . the same issue that the Court will need to reach on any motion for summary judgment." Mot. at 7. Contrary to Defendants' arguments, the fact that there is little left for the parties and the Court to do to resolve this case in its entirety weighs *against*—not in favor of—a stay of proceedings.

Moreover, the Courant will be prejudiced by a delayed resolution of the remaining issues in this case. As already recognized by the Court, "each passing day that the confidentiality provisions of [Conn. Gen. Stat.] § 46b-127 remain in effect infringes on [the Courant's] First Amendment rights." Order at 34. Particularly, in light of the Courant's "clear and substantial likelihood of success on the merits of its First Amendment claim," Order at 16, and Defendants'

concomitant inability to make a strong showing that they are likely to prevail on their appeal from the Court's Order, a stay of proceedings will delay resolution of this matter unnecessarily.

## Conclusion

For the foregoing reasons, Defendants' Motion should be denied in its entirety.

Respectfully submitted,

Plaintiff The Hartford Courant Company, LLC

 By: *William S. Fish, Jr.*                        Date: August 24, 2020
William S. Fish, Jr. (ct05349)
HINCKLEY, ALLEN & SNYDER LLP
20 Church St.
Hartford, CT 06103
Phone: 860.331.2700
Facsimile: 860.278.3802
wfish@hinckleyallen.com

Katie Townsend (phv10445)
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org