# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY, LLC | : | No. 3:19-cv-01951-MPS |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PATRICK L. CARROLL III, ET AL. | : | |
| *Defendants.* | : | APRIL 7, 2021 |

## PROPOSED STIPULATED JUDGMENT

Plaintiff The Hartford Courant Company, LLC, by and through its undersigned counsel, and Defendants, by and through Connecticut Attorney General William Tong (collectively, the "Parties"), wish to resolve the above-captioned litigation and hereby stipulate as follows:

WHEREAS, Plaintiff brought this action on December 11, 2019, seeking a declaratory judgment that the provisions of Conn. Gen. Stat. § 46b-127(c)(1) that require the closure of court proceedings and sealing of court records in cases transferred to the regular criminal docket under Conn. Gen. Stat. § 46b-127 (hereinafter, the "Confidentiality Provisions") violate the First Amendment to the United States Constitution and article first, sections 4 and 5 of the Connecticut Constitution, and further seeking preliminary and permanent injunctive relief.

WHEREAS, Plaintiff is the publisher of *The Hartford Courant*, a newspaper in Connecticut;

WHEREAS, Defendants are the chief administrative judge and numerous clerks of the Connecticut Superior Court, all of whom are sued in their official

1

capacity only;

WHEREAS, Defendants are responsible for making records of court proceedings, maintaining custody of those records, and making and keeping dockets of causes in Superior Court;

WHEREAS, in Connecticut, all cases alleging that a defendant violated a criminal statute prior to the age of eighteen originate on the juvenile docket, Conn. Gen. Stat. § 46b-133;

WHEREAS, in Connecticut, court records of cases pending on the juvenile docket, including juvenile delinquency cases, are confidential pursuant to Conn. Gen. Stat. § 46b-124, and proceedings of such cases are private pursuant to Conn. Gen. Stat. § 46b-122;

WHEREAS, pursuant to Conn. Gen. Stat. § 46b-127(a)(1), cases alleging that a juvenile defendant has committed a Class A felony or certain enumerated Class B felonies after the juvenile attained the age of fifteen years shall be automatically transferred to the regular criminal docket;

WHEREAS, pursuant to Conn. Gen. Stat. §§ 46b-127(a)(3) and 46b-127(b), for cases alleging that a juvenile defendant has committed a felony not enumerated in Conn. Gen. Stat. § 46b-127(a)(1) after the juvenile attained the age of fifteen years, a judge of the Superior Court may, upon motion from a prosecutorial official, exercise his or her discretion to transfer the case to the regular criminal docket;

WHEREAS, a defendant whose case has been transferred to the regular criminal docket pursuant to a provision of Conn. Gen. Stat. § 46b-127 and who is not

alleged to have committed either a Class A felony or one of certain other enumerated felonies, and who has not previously been convicted of a felony on the regular criminal docket or been adjudged a serious juvenile offender or serious juvenile repeat offender, shall be considered a "youthful offender" and such offender's case shall be transferred to the youthful offender docket.  Conn. Gen. Stat. §§ 54-76b & 54-76c;

WHEREAS, court records of cases pending on the youthful offender docket are confidential pursuant to Conn. Gen. Stat. § 54-76*l*, and proceedings of such cases are private pursuant to Conn. Gen. Stat. § 54-76h;

WHEREAS, prior to October 1, 2019, court proceedings and court records of cases transferred to the regular criminal docket pursuant to Conn. Gen. Stat. § 46b-127 that remained on the regular criminal docket after arraignment were public to the same extent as a case originating on the regular criminal docket brought against a defendant who was at least 18 years of age at the time of the alleged offense;

WHEREAS, in 2019, the Connecticut General Assembly passed Connecticut Public Act No. 19-187 (hereinafter, the "Public Act"), which modified Conn. Gen. Stat. § 46b-127 effective October 1, 2019;

WHEREAS, the Public Act added Conn. Gen. Stat. § 46b-127(c)(1)(A), which requires that "[a]ny proceeding of any case transferred to the regular criminal docket pursuant to this section shall be private and shall be conducted in such parts of the courthouse or the building in which the court is located that are separate and apart from the other parts of the court which are then being used for proceedings pertaining to adults charged with crimes";

3

WHEREAS, Conn. Gen. Stat. § 46b-127(c)(1)(A) further requires that "[a]ny records of such proceedings shall be confidential in the same manner as records of cases of juvenile matters are confidential in accordance with the provisions of section 46b-124, except as provided in subparagraph (B) of this subdivision, unless and until the court or jury renders a verdict of a guilty plea is entered in such case on the regular criminal docket";

WHEREAS, the Public Act also added Conn. Gen. Stat. 46b-127(c)(1)(B), which makes an exception for disclosure of court records in a transferred matter to the victim of the crime allegedly committed by the defendant, but prohibits further disclosure of those court records;

WHEREAS, on March 26, 2020, Plaintiff moved for a preliminary injunction requiring Defendants to unseal the court records of existing transferred cases pending on the regular criminal docket that had been sealed pursuant to the Confidentiality Provisions of Conn. Gen. Stat. § 46b-127(c)(1), and prohibiting Defendants from automatically sealing court records in future transferred cases pursuant to those Confidentiality Provisions.  ECF 26.  By that motion for preliminary injunction, Plaintiff did not seek preliminary injunctive relief to enjoin the closure of court proceedings in transferred cases pursuant to the Confidentiality Provisions;

WHEREAS, on July 24, 2020, the U.S. District Court for the District of Connecticut (Shea, J.) entered an order granting Plaintiff's motion for preliminary injunction for the reasons set forth in the District Court's accompanying

4

memorandum opinion of that same date, ECF 46; in doing so, the District Court expressly did not reach Plaintiff's arguments under the Connecticut Constitution;

WHEREAS, on August 18, 2020, Defendants appealed the District Court's order granting the preliminary injunction to the U.S. Court of Appeals for the Second Circuit, ECF 47;

WHEREAS, on February 1, 2020, the Second Circuit entered an order affirming the District Court's order granting the preliminary injunction for the reasons set forth in Second Circuit's accompanying opinion of that same date, *Hartford Courant Co., LCC v. Carroll*, 986 F.3d 211 (2d Cir. 2021); in doing so, the Second Circuit did not reach Plaintiff's arguments under the Connecticut Constitution;

WHEREAS, the Parties agree that the Second Circuit's reasoning for its holding that the Confidentiality Provisions of Conn. Gen. Stat. § 46b-127(c)(1) violate the First Amendment to the United States Constitution because they are not narrowly tailored to a compelling State interest, *Hartford Courant Co., LLC*, 986 F.3d at 215–16, is applicable to the entirety of Plaintiff's federal constitutional claims alleged in Count One of the Complaint, is dispositive of Count One of the Complaint, and entitles Plaintiff to permanent injunctive relief enjoining the automatic sealing of court records and the closure of proceedings in transferred matters pursuant to the Confidentiality Provisions of Conn. Gen. Stat. § 46b-127(c)(1), as sought in Count Four of the Complaint;

WHEREAS, in light of the Second Circuit's decision, the Parties wish to resolve

the remaining issues in this case without further litigation or delay;

NOW, THEREFORE, the Parties jointly propose the following stipulations:

### **Proposed and Stipulated Judgment**

1. Judgment shall enter in favor of Plaintiff on Count One of its Complaint, and the Court shall enter a declaratory judgment that the Confidentiality Provisions of Conn. Gen. Stat. § 46b-127(c)(1) violate the First Amendment to the United States Constitution for the reasons set forth in *Hartford Courant Co., LCC v. Carroll*, 986 F.3d 211 (2d Cir. 2021).

2. A permanent injunction shall enter prohibiting Defendants from sealing court records and closing proceedings pursuant to the Confidentiality Provisions of Conn. Gen. Stat. § 46b-127(c)(1) in cases transferred to the regular criminal docket pursuant to Conn. Gen. Stat. § 46b-127.

3. Nothing in this judgment shall prohibit a juvenile defendant whose case has been transferred to the regular criminal docket from moving to seal some or all of his or her court records or proceedings in accordance with the procedures provided under state law.

4. Nothing in this judgment shall prohibit Plaintiff or any other member of the press or public from moving to unseal any sealed court record, or for moving for access to any closed proceeding, or portion thereof, in any case transferred to the regular criminal docket pursuant to Conn. Gen. Stat. § 46b-127.

5. This judgment addresses the constitutionality under the First Amendment to the United States Constitution of only the challenged Confidentiality

Provisions of Conn. Gen. Stat. § 46b-127(c)(1). It does not address the constitutionality of any other subsection of Conn. Gen. Stat. § 46b-127 or any other provision of law, including but not limited to, Conn. Gen. Stat. §§ 46b-122, 46b-124, 54-76h, and 54-76*l*.

6. Plaintiff stipulates to the voluntary dismissal, without prejudice, of Count Two of its Complaint seeking a declaration that Conn. Gen. Stat. § 46b-127 violates article first, sections 4 and 5 of the Connecticut Constitution.

7. The Parties waive all rights of appeal with respect to any judgment entered in accordance with this stipulation.

8. Plaintiff reserves the right to seek attorney's fees. Defendants reserve their right to contest the amount of any attorney's fees and/or costs that Plaintiff may seek.

STIPULATED AND AGREED TO:

| | |
|---|---|
| PLAINTIFF,<br>THE HARTFORD COURANT COMPANY, LLC | DEFENDANTS,<br>JUDGE PATRICK L. CARROLL, III., ET AL.<br><br>WILLIAM TONG<br>ATTORNEY GENERAL |
| By: _s/William S. Fish, Jr._ | By: _/s/ Alma Rose Nunley_ |
| William S. Fish, Jr. (ct05349)<br>HINCKLEY, ALLEN & SNYDER LLP<br>20 Church St.<br>Hartford, CT 06103<br>Phone: 860.331.2700<br>Facsimile: 860.278.3802<br>wfish@hinckleyallen.com<br><br>Katie Townsend (phv10445)<br>THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS<br>1156 15th St. NW, Suite 1020<br>Washington, D.C. 20005<br>Phone: 202.795.9300<br>Facsimile: 202.795.9310<br>ktownsend@rcfp.org<br><br>Dated:  April 7, 2021 | Alma Rose Nunley (ct30610)<br>Michael Skold (ct28407)<br>Assistant Attorneys General<br>Attorney General's Office<br>165 Capital Avenue<br>Hartford, CT 06106<br>860-808-5020 (phone)<br>860-808-5347 (fax)<br>Alma.Nunley@ct.gov<br>Michael.Skold@ct.gov<br><br>Dated:  April 7, 2021 |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2021, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Alma Rose Nunley*
Alma Rose Nunley
Assistant Attorney General
